IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION


MAYFIELD CAMP, JR.,                    *

          Plaintiff,                   *

vs.                                    *       CASE NO. 3:06-CV-19 (CDL)

WALTON REGIONAL MEDICAL CENTER,        *

          Defendant.                   *

_____        *


O R D E R

     Presently pending before the Court is Defendant's Motion for
Summary Judgement (Doc. 10).  For the following reasons, Defendant's
motion is granted.


BACKGROUND

     The undisputed facts are as follows:

     Plaintiff Mayfield Camp, Jr., an African-American male, was
hired by Defendant Walton Regional Medical Center ("WRMC") on
December 17, 1990.  Plaintiff was initially employed as a part-time
microbiologist in WRMC's Laboratory.  In April 1993, Plaintiff became
the infection control coordinator at WRMC.   This was a full-time
position, but Plaintiff maintained some duties as a microbiologist in
the laboratory.  Additionally, Plaintiff was in charge of infection
control for the WRMC nursing home attached to the hospital.  Thus,
Plaintiff had three job duties: (1) microbiology in the laboratory,

(2) infection control in WRMC, and (3) infection control in the nursing home.

In October 2004, WRMC's CEO, Alan George, was told that he needed to reduce costs. Mr. George met with the senior management of WRMC and decided to cut costs by: (1) reducing hours for various positions, (2) not filling open positions, (3) cross-training employees for additional duties, and (4) eliminating a receptionist position and Plaintiff's position. Mr. George determined that Plaintiff's position could be absorbed by other employees which would reduce costs to the hospital. On November 2, 2004, Plaintiff was terminated. Plaintiff received four weeks severance pay and was compensated for his accrued vacation.

WRMC claims that Plaintiff's position was absorbed by several people—Chief Nursing Officer Sharon Queen, Laboratory Manager Tim Drake, full-time employee Jill Williams, and part-time employees Patricia Galloway and Agnes Mack. Plaintiff claims that these employees did not assume his responsibilities. Instead, Plaintiff claims that several white females were hired after his termination to replace him. Consequently, on January 10, 2005 Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") claiming race and gender discrimination. Plaintiff subsequently brought the present action claiming disparate pay and disparate treatment based on race and gender under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.

Presently pending before the Court is Defendant's Motion for Summary Judgment on all of Plaintiff's claims.

DISCUSSION

## I.  Summary Judgment Standard

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  This burden can be met by showing that the non-moving party will be unable to "establish the existence of an element essential to [the non-moving party's] case, and on which [the non-moving party] will bear the burden of proof at trial."  *Id.* at 322.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there *is* a genuine issue of material fact.  *Id.* at 324.  A fact is material if it "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  There is a genuine issue if the evidence would allow a reasonable jury to find for the non-moving party.  *Id.*  In other words, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it

3

is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## II. Plaintiff's Title VII and § 1981 Claims

Title VII prohibits discrimination against an employee because of that employee's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 1981 prohibits discrimination in the making and enforcing of contracts based on a person's race. 42 U.S.C. § 1981(a). In the employment context, the same analysis applies to claims under both Title VII and § 1981. *Turnes v. AmSouth Bank, NA*, 36 F.3d 1057, 1060 (11th Cir. 1994).

In a circumstantial evidence case, such as this one, the plaintiff must first establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff can support a prima facie case, a presumption of discriminatory intent is created. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). The burden then shifts to the defendant to articulate a legitimate non-discriminatory reason for the alleged discriminatory behavior. *McDonnell Douglas*, 411 U.S. at 802; *Rojas v. Florida*, 285 F.3d 1339, 1342 (2002). If the defendant carries this burden, the presumption of discrimination is rebutted. *Burdine*, 450 U.S. at 255. The plaintiff can then still defeat summary judgment by creating a jury question as to whether the defendant's legitimate non-discriminatory reason is pretext for a

discriminatory decision. *McDonnell Douglas*, 411 U.S. at 804; *Rojas*, 285 F.3d at 1342.

A. Disparate Pay Claim[1]

In order to establish a prima facie case of discrimination in pay, Plaintiff must show that (1) he is a member of a protected class and (2) that "the job []he occupied was similar to higher paying jobs occupied by [persons outside Plaintiff's protected class]." *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1529 (11th Cir. 1992). Thus, Plaintiff has the burden of showing that he is an African-American male and that there were females and/or persons of a different race in positions similar to Plaintiff's position who were paid more than Plaintiff.

---

[1]The Court notes that Plaintiff failed to exhaust his administrative remedies regarding his disparate pay claim under Title VII. "No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000). Plaintiff stated in his EEOC complaint that he believed he was "discriminated against on the basis of [his] race (Black) and sex (male)." Additionally, Plaintiff mentions his termination twice. Plaintiff fails to in any way reference a potential disparate pay claim. Based on his complaint, neither the EEOC nor Defendant would be on notice that Plaintiff was bringing a disparate pay claim. Consequently, Defendant's Motion for Summary Judgment on Plaintiff's Title VII disparate pay claim is granted. *See Jerome v. Marriott Residence Inn Barcelo Crestline/AIG*, 211 Fed. App'x 844, 846-47 (11th Cir. 2006) (affirming dismissal of disparate pay claim where EEOC charge "alleged only the denial of a promotion" and failed to "reference . . . [Plaintiff's] disparate pay claim"); *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) ("[P]laintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.") (citation and internal quotation marks omitted).

Plaintiff, however, has brought a claim for disparate pay based on race under § 1981, and since § 1981 does not require exhaustion of administrative remedies, that claim must be decided on the merits.

It is undisputed that Plaintiff is a member of a protected class and was paid $24.71 an hour to perform three distinct duties—(1) infection control for WRMC, (2) infection control for the attached nursing home, and (3) microbiology in the WRMC laboratory. Plaintiff claims he was "paid less than one or more of the white females who assumed his duties after his position was eliminated." (Pl.'s Br. in Opp'n to Def.'s Mot. for Sum. J. 6.) In order to support this claim, Plaintiff names four comparators: Patricia Galloway, Sharon Queen, Jill Williams, and Tim Drake. Of these comparators, only two were paid more than Plaintiff while he was employed by WRMC—Sharon Queen and Tim Drake—and neither of those comparators occupied positions similar to Plaintiff.[2]

Sharon Queen, a white female and the chief nursing officer for WRMC, was paid a salary of $90,883.00 during Plaintiff's employment with WRMC. Tim Drake, a white male and the laboratory manager at WRMC, was paid a salary of $57,595.00 while Plaintiff worked for

---

[2]The uncontested evidence shows that Patricia Galloway was a part-time registered nurse for employee health and education. Ms. Galloway was paid $24.00 an hour while Plaintiff was employed by WRMC, $0.71 less than Plaintiff. Jill Williams, a nurse in the nursing home who is now partially responsible for infection control, was paid only $19.86 per hour when Plaintiff was a WRMC employee. This is $4.85 less an hour than Plaintiff was paid. Consequently neither Patricia Galloway nor Jill Williams are proper comparators that show that Plaintiff was paid less than similarly situated white females employed by WRMC.

Plaintiff also alleges that because Ms. Galloway's and Ms. Williams's salaries increased after he was terminated, Plaintiff was discriminated against in pay. On August 7, 2006, Ms. Galloway was paid $25.35 per hour ($0.64 more than Plaintiff in 2004) and Ms. Williams was paid $21.44 per hour ($3.27 less than Plaintiff in 2004). This evidence is irrelevant to whether WRMC discriminated against Plaintiff in his pay while he was an employee in 2004.

WRMC.  In order to establish a prima facie case of pay discrimination, Plaintiff must show that Ms. Queen's and Mr. Drake's positions were "substantially similar" to Plaintiff's position. *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 598 (11th Cir. 1994). Although the standard for a prima facie case of discrimination in pay under Title VII is more relaxed than under the Equal Pay Act, *Mulhall*, 19 F.3d at 598, a plaintiff must still show that his comparators had "very similar job-related characteristics" to plaintiff. *MacPherson v. University of Montevallo*, 922 F.2d 766, 774 (11th Cir. 1991).  Plaintiff has failed to meet this burden.

Both of Plaintiff's alleged comparators were his supervisors. Plaintiff reported to Ms. Queen concerning his infection control duties at the hospital.  For his duties in microbiology, Plaintiff reported to Mr. Drake.  Neither Ms. Queen nor Mr. Drake had duties that involved both infection control and microbiology.  Consequently, Plaintiff has failed to show that either Ms. Queen or Mr. Drake occupied a position similar to Plaintiff's position.  Plaintiff has failed to present a prima facie case of discrimination in pay and summary judgment is proper for the Defendant on this claim.[3]

_____

[3]The Court previously found Plaintiff's Title VII disparate gender pay claim must fail because Plaintiff failed to exhaust his administrative remedies.  The Court observes that even if Plaintiff had exhausted his administrative remedies, his Title VII disparate pay claim based upon gender would fail for the same reasons that his race based disparate pay claim under § 1981 fails.

## B. Discriminatory Elimination of Position Claim

Where a position is eliminated, a plaintiff establishes a prima facie case of discrimination by demonstrating: (1) that he was in a protected class and was adversely affected by an employment decision, (2) that he was "qualified for [his] current position or to assume another position at the time of discharge, and (3) evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of [the plaintiff's protected class] in reaching that decision." *Jameson v. Arrow Co.*, 75 F.3d 1528, 1531-32 (11th Cir. 1996). There is no dispute that Plaintiff is in two protected classes—he is male and African-American. Additionally, Defendant admits that Plaintiff was qualified for his position when he was terminated. Thus, in order to establish a prima facie case, Plaintiff need only show that a jury could reasonably conclude that WRMC intended to discriminate against Plaintiff because of his race and gender when WRMC eliminated Plaintiff's position. Plaintiff has failed to produce sufficient evidence to satisfy this burden.

In support of his contention that WRMC intended to discriminate against him, Plaintiff offers the following: (1) Plaintiff was the only African-American male employed by WRMC; (2) as the only African-American male, Plaintiff was subject to harassment and discrimination

in the terms and conditions of his employment;[4] and (3) WRMC hired three white females to "take over [Plaintiff's] microbiological duties in the [l]aboratory." (Pl.'s Br.in Opp'n to Def.'s Mot. for Sum. J. 14.) Plaintiff, however, does not support his allegations with any evidence. In fact, Plaintiff's assertion that he was replaced in the laboratory by three "white females"—Lynette Poventude, G. L. Mosley, and Tiffany Mincey—is contradicted by the record. Lynette Poventude is a Hispanic female. G. L. Mosley is an African-American male. Only Tiffany Mincey is a white female, and she was not hired by WRMC until April 11, 2006. Plaintiff's unsupported, self-serving statements are not sufficient to create a question of fact as to whether WRMC intended to discriminate against Plaintiff in making the decision to eliminate his position.[5] *See Smith v. Fed. Exp. Corp.*, 191 Fed. App'x 852, 855 (11th Cir. 2006)

_____

[4]To the extent Plaintiff intends to create a claim for hostile work environment, summary judgment is granted to Defendant on that claim. Plaintiff has failed to show that he suffered harassment that was sufficiently severe or pervasive to change the terms or conditions of his employment.

[5]Even if Plaintiff had produced evidence sufficient to create a question of fact as to whether WRMC intentionally discriminated against him, Plaintiff has failed to create a question of fact as to pretext. Defendant has articulated a legitimate non-discriminatory reason for Plaintiff's termination—the need to eliminate Plaintiff's position because of budgetary restrictions. Defendant has also showed that employees then working for WRMC assumed Plaintiff's responsibilities. Months later WRMC hired two part-time employees for the laboratory, but not to assume any of the infection control responsibilities. One of the new lab workers was a Hispanic female, and the other was an African-American male. Plaintiff's unsupported statements that Defendant hired "several new people to perform the duties that Plaintiff performed" and "increased the hours of and pay of several members of its staff who performed part of Plaintiff's job" do not create a question of fact as to pretext.

9

(explaining that summary judgment is appropriate where there is no evidence to support plaintiff's assertions other than his own "self-serving statements"); *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("For factual issues to be considered genuine, they must have a real basis in the record[;] . . . mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.") (quotation marks and citations omitted). Consequently, since Plaintiff has failed to establish a prima facie case of discrimination, Defendant's Motion for Summary Judgement is granted as to this claim.

## III.  Defendant's Attorney's Fees Claim

Defendant seeks attorney's fees arguing that Plaintiff's claims were frivolous.  "A district court may in its discretion award attorneys' fees to a prevailing defendant in a Title VII . . . action upon a finding that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation." *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1188 (11th Cir. 1985).  A suit is frivolous if "the case is so lacking in arguable merit as to be groundless or without foundation . . . ." *Id.* at 1189 (internal quotation marks and citation omitted).

The Court finds Plaintiff's disparate pay claims to be frivolous.  Plaintiff failed to exhaust his administrative remedies regarding his Title VII claim for disparate pay.  Additionally, Plaintiff continued to pursue his disparate pay claim after learning

of undisputed evidence that demonstrated that no person in a similar job to Plaintiff was paid more than Plaintiff.

Regarding Plaintiff's claims arising from the elimination of his position, the Court has found those claims to be meritless. However, the Court cannot say as a matter of law that they were frivolous. Therefore, the assertion of those claims would not authorize an award of attorney's fees.

In light of these findings, the Court concludes that Defendant should not be awarded its attorney's fees in this case. Although the frivolous claim and the non-frivolous claim are legally distinct, they are inextricably intertwined from a practical standpoint. It would require speculation and guess work to dissect the attorney's fees attributable to the frivolous claim from those arising from the non-frivolous one. Accordingly, the Court denies Defendant's request for attorney's fees.

CONCLUSION

For the aforementioned reasons, Defendant's Motion for Summary Judgment (Doc. 10) is granted as to all of Plaintiff's claims.

IT IS SO ORDERED, this 11th day of July, 2007.

S/Clay D. Land
_____
CLAY D. LAND
UNITED STATES DISTRICT JUDGE